IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PANKAJ PATEL and PRASHANT PATEL, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 11-cv-5306 |
| | ) | |
| GLOBAL PC EQUIPMENT, INC., BORO VUJASIN and ENVIRONMENTAL COMPLIANCE, INC., | ) ) ) | Judge James F. Holderman |
| | ) | |
| Defendants. | ) | |

## JOINT MOTION TO DISMISS

Now come Plaintiffs, Prashant Patel and Pankaj Patel, by their attorney Ronald H. Balson, jointly with Defendants Boro Vujasin, Global PC Equipment and Environmental Compliance, Inc. by their attorneys Anthony Valiulis and Scott Smith, and move this Court to dismiss this matter with prejudice and with the right to reinstate, pursuant to a settlement agreement. The parties state as follows:

1. Plaintiffs have filed a six count complaint against Defendants in the above-captioned matter (the "Litigation"). Defendants have filed an answer and the Litigation is at issue and presently pending.

2. The Litigation was referred to the Honorable Magistrate Judge Young B. Kim and a Settlement Conference was convened by Judge Kim on February 17, 2012.

3. At said conference, and as a consequence of said conference, the parties came to an agreement to settle the Litigation. The terms were read into the record and thereafter reduced to writing. All parties have executed a written Settlement

Agreement. The referral to Judge Kim has now ended and the matter has been returned to Judge Holderman.

4. The Settlement Agreement provides for installment payments from Defendants to Plaintiffs to commence on August 31, 2012 and to conclude on August 30, 2013.

5. The Settlement Agreement further provides for the parties to execute a Consent Judgment to be entered in the event that a default occurs because the installment payments have not been timely made. The parties have executed the Consent Judgment by their respective attorneys, which is to be held by the attorney for Plaintiffs.

6. The Settlement Agreement further provides for the Litigation to be dismissed with prejudice at this time, but with leave to reinstate the Litigation in its entirety for the sole purpose of entering the Consent Judgment in the event of an uncured default.

7. The Settlement Agreement further provides that unless the Litigation is reinstated by September 27, 2013, the leave to reinstate the Litigation shall expire.

WHEREFORE, the parties jointly move, pursuant to the terms of their Settlement Agreement, that this matter be dismissed with prejudice with leave to reinstate the Litigation in its entirety in the event of an uncured default for the sole purpose of entering the Consent Judgment.

Dated: April 5, 2012

/s/ Ronald H. Balson
Attorney for Plaintiffs

Ronald S. Balson
rbalson@spklaw.com
ARDC No.: 0105074
STONE POGRUND & KOREY, LLC
One East Wacker Drive
Suite 2610
Chicago, IL 60601
Phone: (312) 782-3636
Fax:  (312) 312-782-1482

/s/Anthony C. Valiulis
Attorney for Defendants

Mr. Anthony C. Valiulis
Mr. Scott J. Smith
Mr. David A. Eisenberg
Ms. Marissa L. Downs
MUCH Shelist Denenberg Ament Rubenstein, P.C.
191 North Wacker Drive, Suite 1800
CHICAGO, IL 60606-1615